UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JAMES SWANN, SR., ) | |
| ) | Case No. 1:22-cv-25 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Christopher H. Steger |
| DISTRICT ATTORNEY OF ) | |
| KINGSPORT, KINGSPORT POLICE ) | |
| DEPARTMENT, and ) | |
| ARRESTING OFFICER, ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

## MEMORANDUM & ORDER

Plaintiff, a prisoner proceeding pro se, has filed a complaint under 42 U.S.C. § 1983 [Doc. 1], along with a motion to proceed *in forma pauperis* in this action [Doc. 4]. For the reasons set forth below, the Court will grant Plaintiff pauper status and dismiss Plaintiff's complaint as malicious and for failure to state a claim upon which § 1983 relief may be granted.

### I. MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from Plaintiff's motion to proceed *in forma pauperis* [Doc. 4] and the certified accounting statement he recently filed in another case pending before this Court, *Swann v. District Attorney*, 1:21-cv-263-CLC-CHS (E.D. Tenn. 2021), that he lacks sufficient financial resources to pay the filing fee.[1] Accordingly, Plaintiff's motion to proceed *in forma pauperis* [Doc. 4] will be **GRANTED**.

---

[1] The Court may take judicial notice of its own records. *See* Fed. R. Evid. 201(b)(2); *United States v. Doss*, 563 F.2d 265, 269 n. 2 (6th Cir. 1977). The Court **ADVISES** Plaintiff, however,

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402 as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING OF COMPLAINT

### A. Screening Standards

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*,

---

that he must submit the proper initiating documents in each case he files before this Court, and that reference to filings in his other cases will not be recognized in the future.

556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

**B.     Plaintiff's Allegations**

Plaintiff contends that the District Attorney "falsely accused [him] and had [him] arrested over [his] daughter over charges [he] did not do" [Doc. 1 p. 3]. He further maintains that an Officer of the Kingsport Police Department falsely arrested him for a crime he did not commit [*Id*. at 4]. He asks the Court to fire the District Attorney and the arresting officer and award him monetary damages [*Id*. at 5].

3

C. **Analysis**

This pleading duplicates allegations levied by Plaintiff in another §1983 suit filed in this Court. *See Swann v. District Attorney*, 1:21-cv-263-CLC-CHS (E.D. Tenn. 2021). Because Plaintiff has filed this second lawsuit iterating allegations previously raised, this suit is malicious. *Skudnov v. U.S. Dep't of HUD*, No. 3:15-CV-100-JHM, 2015 WL 3892422, at *3 (W.D. Ky. June 24, 2015) (finding "[a] complaint is malicious when it 'duplicates allegations of another [ ]federal lawsuit by the same plaintiff'") (citation omitted). Accordingly, this Court will **DISMISS** this § 1983 complaint as malicious. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000) ("Federal courts do, however, retain broad powers to prevent duplicative or unnecessary litigation.").

Out of an abundance of caution, however, the Court additionally considers the merits of Plaintiff's allegations.

   i. *Plaintiff's Arrest*

Plaintiff alleges that the Kingsport Police Department — and the individual officer who arrested him — violated his constitutional right to be free from false arrest.

As an initial matter, the Kingsport Police Department is not a "person" within the meaning of § 1983. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983") (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). Accordingly, the Kingsport Police Department will be **DISMISSED**.

Regarding the conduct of the individual officer, the Court notes that the Fourth Amendment, applicable to the States through the Fourteenth Amendment, allows a warrantless arrest to occur only "where there is probable cause to believe that a criminal offense has been or

4

Case 1:22-cv-00025-TRM-CHS   Document 5   Filed 02/07/22   Page 4 of 6   PageID #: 17

is being committed." *Ouza v. City of Dearborn Heights, Michigan*, 969 F.3d 265, 279 (6th Cir. 2020) (citation omitted); *see also Dunaway v. New York*, 442 U.S. 200, 207 (1979). "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "Generally, probable cause exists when the police have 'reasonably trustworthy information...sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense.'" *Gardenhire v. Schubert*, 205 F.3d 303, 315 (6th Cir. 2000) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). To prevail on his false arrest claim, a plaintiff must present sufficient evidence that probable cause did not exist. *Id.*

Here, Plaintiff does not allege that the arresting officer lacked probable cause to arrest him, but rather, only that he is innocent of the offense for which he was arrested. Plaintiff has provided no facts from which the Court could infer that the arresting officer should have declined to find probable cause in this case. Therefore, both the Kingsport Police Department and the arresting officer will be **DISMISSED** as Defendants.

###### ii. Plaintiff's Prosecution

Plaintiff has named the District Attorney as a Defendant. However, Plaintiff may not maintain suit against a prosecuting attorney for instituting criminal charges against him. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976) (holding a state prosecuting attorney who act[s] within the scope of h[er] duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983). Accordingly, the District Attorney will be **DISMISSED**.

### III. CONCLUSION

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;
2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

5

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it is malicious and fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

/s/*Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**